# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

November 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: C.B.-1, C.B.-2, and D.G.**

**No. 13-0670** (Fayette County 12-JA-64, 65 and 66)

## MEMORANDUM DECISION

Petitioner Mother, by counsel James Adkins, appeals the Circuit Court of Fayette County's June 6, 2013 order terminating her parental rights to C.B.-1, C.B.-2, and D.G.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Angela Walters, filed its response in support of the circuit court's order. The guardian ad litem, Jennifer Hewitt, filed a response on behalf of the children also supporting the circuit court's order. On appeal, Petitioner Mother alleges that the circuit court erred in denying her motion for a second improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2012, the DHHR filed its initial petition to institute abuse and neglect proceedings based on allegations of domestic violence, substance abuse, failure to provide proper supervision, and medical neglect. By order entered on August 22, 2012, the circuit court accepted Petitioner Mother's written stipulated adjudication.[2] Petitioner Mother was granted a post-adjudicatory improvement period directing her to submit to psychological and drug assessments, attend parenting and life skills classes, maintain employment, maintain appropriate housing, submit to random drug screens, and maintain valid prescriptions for any drugs that she used. By order entered on December 5, 2012, the circuit court extended Petitioner Mother's improvement period and set a review hearing. In March of 2013, the circuit court held the review hearing, after which it found that Petitioner Mother violated the terms of her improvement period and refused to

---

[1]Because two of the children in this case have the same initials, we have distinguished each of them using numbers 1 and 2 after their initials in this Memorandum Decision. The circuit court case numbers also serve to distinguish each child.

[2] There is no evidence in the record of the basis for this stipulation.

1

further extend it. The circuit court also denied Petitioner Mother any visitation with the children pending the dispositional hearing.[3]

In May of 2013, Petitioner Mother moved for a second post-adjudicatory improvement period. Following a combined hearing on Petitioner Mother's motion and disposition, the circuit court denied the motion and terminated her parental rights by order entered on June 6, 2013. The circuit court found that Petitioner Mother failed to keep appointments throughout the proceedings, failed to provide information regarding her prescriptions, failed to maintain a stable environment, and that additional acts of domestic violence had occurred between Petitioner Mother and her abuser. The circuit court likewise ruled that Petitioner Mother would not succeed in an additional improvement period. It is from this order that Petitioner Mother appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner Mother argues that the circuit court abused its discretion in denying her a second improvement period because she has "new and changed circumstances." Petitioner Mother asserts that she made a complete separation from her abuser. Furthermore, during the combined hearing, counseling service provider Brian Wells testified that beginning in April of 2013, one month after the circuit court declined to extend her first improvement period, Petitioner Mother had clean drug screens, accurate pill counts, and maintained employment.

West Virginia Code § 49-6-12(b)(4) gives circuit courts the discretion to grant an improvement period when the respondent has shown since the initial improvement period a

---

[3]The circuit court order did not make specific findings detailing Petitioner Mother's violations during her improvement period. However, the February 26, 2013, "Status/MDT Report," which is part of the appendix record, indicates that Petitioner Mother continued to refuse to accept responsibility for her actions and continued to have inappropriate contact with C.B.-1 and C.B.-2's father.

substantial change in circumstances. "We have held that the granting of an improvement period is within the circuit court's discretion." *In re Tonjia M.,* 212 W.Va. 443, 448, 573 S.E.2d 354, 359 (2002). Moreover, this Court has held that "'courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened . . . .' Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980)." Syl. Pt. 4, in part, *In re Cecil T.,* 228 W.Va. 89, 717 S.E.2d 873 (2011).

In the present matter, Petitioner Mother was granted a post-adjudicatory improvement period and that the circuit court refused to grant her an extension because Petitioner Mother violated the terms of her improvement period. Child Protective Services worker Amanda Hayhurst testified that while Petitioner Mother has recently complied with services, that Petitioner Mother has a history of failing to keep appointments and had periods of unemployment throughout the pendency of the proceedings. Ms. Hayhurst also testified that Petitioner Mother had been calling her abusive partner and leaving "music messages." The limited record before this Court, as evidenced by the February 26, 2013, "Status/MDT Report" reflects that Petitioner Mother has a history of testing positive for prescription medication above appropriate levels, did not screen consistently for all of her prescribed medications, avoided required pill counts, refused to accept responsibility for her actions, and avoided her service provider for parenting sessions. Despite Petitioner Mother's compliance in the month prior to termination, she cites no other evidence that refutes the circuit court's findings and conclusions in its disposition order, or that shows that due to her change in circumstances she is likely to fully participate in a second improvement period. Thus, we find no abuse of discretion in the circuit court's refusal to grant a Petitioner Mother a second improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court and the June 6, 2013 order is hereby affirmed.

Affirmed.

**ISSUED**: November 26, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Menis E. Ketchum

3